IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMER T. ELHLAK | § § § | |
| Plaintiff | § § | |
| VS. | § § | Case No. 4:12cv502 |
| WELLS FARGO BANK, N.A. | § § § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE GRANTING MOTION FOR SUMMARY JUDGMENT AND ORDER ABATING PRETRIAL DEADLINES

Now before the Court is Defendant Wells Fargo's Motion for Summary Judgment (Dkt. 9). As set forth below, the Court finds that the motion should be GRANTED for Defendant and that Plaintiff should take nothing by any of his claims here.

#### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Wells Fargo's foreclosure on Plaintiff's property located at 3412 Black Canyon Drive, Plano, Texas 75025 (the "Property"). The Property was secured by a loan held and serviced by Defendant Wells Fargo. After Defendant claims that the loan became delinquent, on June 5, 2012, a third party purchased the Property at a non-judicial foreclosure sale for $238,500.00.

On July 16, 2012, Plaintiff filed suit in the 296th Judicial District Court, Collin County, Texas, and, on August 10, 2012, the matter was removed to this Court. *See* Dkt. 1.

Plaintiff's state court complaint – the live pleading here – asserts the following causes of action against Defendant: (1) breach of contract; (2) wrongful foreclosure; and (3) suit to determine fair market value of the Property pursuant to Texas Property Code 51.004. Defendant has filed a motion for summary judgment, seeking summary judgment on Plaintiff's claims. Plaintiff has filed a response in opposition.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of

2

evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Defendant makes the following arguments: (1) Plaintiff's breach of contract claim fails because Plaintiff cannot establish he performed his contractual obligations or that Wells Fargo breached the Deed of Trust; (2) Plaintiff's wrongful foreclosure claim fails because Wells Fargo satisfied its pre-foreclosure notice obligations and there is no evidence of a defect that caused a grossly inadequate selling price and summary judgment is proper; (3) Plaintiff cannot establish entitlement to rescission of the foreclosure sale; and (4) Plaintiff's request for a determination of fair market value under Section 51.004 of the Texas Property Code must be denied because Section 51.004 is inapplicable after a non-judicial foreclosure sale..

Defendant has offered the following summary judgment evidence to demonstrate that there is no genuine issue of material fact as to Plaintiff's claims here:

1 Declaration of Michael John Dolan dated November 21, 2012 (the "Dolan Declaration"):

  A Note, dated August 2, 2003
  B Deed of Trust, dated August 2, 2003
  C Letter to Elhlak, dated January 23, 2007
  D Corporate Assignment of Deed of Trust, dated February 1, 2007
  E Letter to Elhlak, dated August 8, 2010
  F Letter to Elhlak, dated August 8, 2010
  G Letter to Elhlak, dated December 12, 2010
  H Letter to Elhlak, dated December 12, 2010
  I Letter to Elhlak, dated January 16, 2011
  J Letter to Elhlak, dated January 16, 2011
  K Letter to Elhlak, dated April 3, 2011
  L Letter to Elhlak, dated April 3, 2011
  M Letter to Elhlak, dated May 8, 2011
  N Letter to Elhlak, dated May 8, 2011
  O Letter to Elhlak, dated June 5, 2011
  P Letter to Elhlak, dated June 5, 2011
  Q Letter to Elhlak, dated July 3, 2011
  R Letter to Elhlak, dated July 3, 2011
  S Letter to Elhlak, dated August 14, 2011
  T Letter to Elhlak, dated August 14, 2011
  U Letter to Elhlak, dated September 18, 2011
  V Letter to Elhlak, dated September 18, 2011
  W Letter to Elhlak, dated October 23, 2011

    X  Letter to Elhlak, dated October 23, 2011

    Y  Mortgage Loan History for the Elhlak Loan from July 15, 2009 through July 18, 2012

    Z  Letter to Elhlak, dated April 13, 2012

2  Affidavit of Phillip G. Tinsley dated November 20, 2012; (the "Tinsley Affidavit")

    A  Letter to Elhlak, dated April 13, 2012
    B  Letter to Elhlak, dated April 13, 2012
    C  Letter to Zalzala, dated April 13, 2012
    D  Letter to Zalzala, dated April 13, 2012
    E  Proof of Mailing, dated April 13, 2012[1]
    F  Appointment of Substitute Trustee, dated April 17, 2012
    G  Letter to Elhlak, dated May 14, 2012
    H  Letter to Elhlak, dated May 14, 2012
    I  Letter to Zalzala, dated May 14, 2012
    J  Letter to Zalzala, dated May 14, 2012
    K  Proof of Mailing, dated May 14, 2012
    L  Notice of [Substitute] Trustee Sale, file-stamped May 14, 2012
    M  Substitute Trustee's Deed, dated June 11, 2012

*See* Dkt. 9-2 – 9-42.

  In response, Plaintiff has attached to his response the following three pieces of summary judgment evidence:

  Declaration of Thomas C. Barron (Plaintiff's counsel)

  Declaration of Amer Elhlak (attaching March, April, May 2012 Bank of America Bank

---

[1] In response to the Court's order, *see* Dkt. 23, Defendant filed a legible copy of this exhibit on June 26, 2013. *See* Dkt. 24.

Statement for Ikram Zalzala or Amer T. Elhlak)

Declaration of Nabil Dimassi (tenant on the Property at time of foreclosure)

*See* Dkt. 17-1 – 17-3.[2]

The Court notes that, in the response to the motion for summary judgment, Plaintiff asks the Court to defer a ruling on the motion until an adequate time for discovery had passed. The motion has been pending for more than seven months, and the deadline for discovery fell on July 12, 2013. *See* Dkt. 8. Additionally, on June 25, 2013, the Court entered an order giving Plaintiff until July 15, 2013 to submit any supplemental summary judgment evidence. *See* Dkt. 23. No supplemental evidence was filed.

Plaintiff also claims in his January 25, 2013 response that he was awaiting Defendant's responses to his discovery requests. To date, no motions to compel have been filed.

Plaintiff having been given sufficient time, the Court thus rules on the record before it.

## ANALYSIS

As the grounds for both his breach of contract and wrongful foreclosure claims, Plaintiff argues that Defendant's failure to provide the appropriate notices of default, acceleration and sale prior to the foreclosure sale caused him harm. In its motion for summary judgment, Defendant has offered copies of 20 notice of default letters, sent to Plaintiff from August 2010 to October 2011. *See* Dkt. 9-7 – 9-26. According to the Declaration of Michael John Dolan, a Litigation Support Manager for Wells Fargo, letters were sent via certified mail and mailed to both the Property address and to Plaintiff's last known address (apparently Plaintiff used the Property as rental property during

---

[2]Plaintiff's summary judgment exhibits are not numbered; thus, the Court references them by title.

the time period at issue). *See* Dkt. 9-2.

Defendant also attaches to its motion for summary judgment four notices of default sent to Plaintiff and his wife by Barrett Daffin Frappier Turner & Engel, LLP[3] on April 13, 2012 and four notices of acceleration and of substitute trustee sale sent to Plaintiff and his wife by Barrett Daffin on May 14, 2012. *See* Dkts. 9-30 – 33; 9-36 – 9-39. According to the Affidavit of Phillip G. Tinsley, the Director of Foreclosure for National Default Exchange, LP, an affiliated service provider for Barrett Daffin, all of these notices were sent by certified mail to the Property and to Plaintiff's and his wife's last known address. *See* Dkt. 9-29. Indeed, each notice references a certified mail number at the top, and, Defendant also attaches a copy of Barrett Daffin's proof of mailing for the April and May letters. *See* Dkts. 24-1; 9-40.

In response and in support of his claims regarding the lack of notice of default, acceleration and sale, Plaintiff argues that Defendant has not provided the green cards showing service of the August 2010 to October 2011 notices of default. Plaintiff's declaration (which is not dated) states that he "did not receive any of those notices even though [his] mail was forwarded to [him] in Dubai, where [he] was working at the time." Dkt. 17-2 at ¶4. Plaintiff also submits the declaration of his tenant on the Property from January to June 2012 who stated that he did not receive any of the notices "even though [he] received all the mail at the property at that time." Dkt. 17-3 at ¶3.

The Court finds that these statements are insufficient to create a fact issue as to Plaintiff's claims. *See Sanchez v. Dallas/Fort Worth Intern. Airport Bd.*, 2011 WL 3667435, 3 (5th Cir. 2011)

---

[3]Barrett Daffin is not a party to this suit, but was apparently counsel hired by Defendant to conduct the foreclosure proceedings. *See* Dkt. 9 at ¶10.

("a self-serving affidavit, without more evidence, will not defeat summary judgment.") (citing *DIRECTV, Inc. v. Budden,* 420 F.3d 521, 531 & n. 49 (5th Cir. 2005)); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (affirming summary judgment for plaintiffs where "the only evidence in support of the defendants' theory is a conclusory, self-serving statement by the defendant"); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001) (affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving allegations," which "are not the type of significant probative evidence required to defeat summary judgment" (internal quotation marks and citation omitted)). Indeed, Plaintiff's response contains insufficient citations to the summary judgment record (as noted, the exhibits are not even numbered) and those citations provided lack specificity. *See, e.g.,* Dkt. 17 at 9 (citing generally to "Elhak's Declaration" without any specific pinpoint citations). General and sporadic references to the summary judgment record are not sufficient. *See* E. D. TEX L.R. CV-56(d) (stating that summary judgment citations should be referred to by page and, if possible, by line of the summary judgment evidence).[4] It is Plaintiff's burden to make specific citations to the summary judgment record. *See Ragas*, 136 F.3d at 458; *Stults*, 76 F.3d at 655. Although the Court has reviewed what it has before it, the Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiff could

---

[4]*See also Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas,* 136 F.3d at 458; *Stults,* 76 F.3d at 657; *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.1994), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994); *Skotak,* 953 F.2d at 916 n. 7; *see also Nissho-Iwai American Corp. v. Kline,* 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before summary judgment may be properly entered"); *cf. U.S. v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")).

create a genuine issue of material fact as to each element of his claims. *See* E.D. TEX. L. R. CV-56(d). Plaintiff is required to show *how* the evidence creates an issue of material fact by citing to specific portions of the record. He has not done so here.

Under the Texas Property Code, service of notice of a foreclosure sale is complete when the notice is sent via certified mail, and "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service." TEX. PROP. CODE § 51.002(e). Defendant has provided such *prima facie* evidence here. As recently noted by the Fifth Circuit, there is not a requirement that Plaintiff receive the notice in order for it to be valid and effective. *Martins v. BAC Home Loans Serv., L.P.*, __ F.3d. __, 2013 WL 3213633, 4 (5th Cir. 2013) ("There is no requirement that Martins receive the notice"). Further, Plaintiff has failed to sustain his summary judgment burden in demonstrating a fact issue that he was current on his mortgage payments such that foreclosure would be a breach of the parties' agreement. *See, e.g. Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) ("a party in default cannot assert a claim for breach against the other party"). Plaintiff has failed to create a fact issue as to his breach of contract claim.

Plaintiff has also failed to sustain his summary judgment burden as to his wrongful foreclosure claim. To make a claim for wrongful foreclosure under Texas law, a plaintiff must show (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.). *See also* TEX. PROP. CODE ANN. § 51.002 (statutory requirements for foreclosure sales). To recover for a wrongful

foreclosure, the party seeking relief must prove an injury. *See, e.g., Port City State Bank v. Leyco Const. Co., Inc.,* 561 S.W.2d 546, 547 (Tex. Civ. App.– Beaumont 1978, no writ); *Bittinger v. Wells Fargo Bank NA*, 2010 WL 3984626, 3 (S.D. Tex. 2010).

When there is *prima facie* proof of notice to Plaintiff by Defendant – in this case, more than 25 separate letters – Plaintiff's argument that he did not receive the notice is not enough to create a fact issue as to a defect in the foreclosure sale proceedings to prevent summary judgment on his wrongful foreclosure claim. *See Martins*, __ F.3d. __, 2013 WL 3213633 (affirming grant of summary judgment dismissing wrongful foreclosure claim, finding there was no fact issue as to defect where the plaintiff argued that he did not receive notice of the sale).

Moreover, the Court finds that Plaintiff has failed to create a genuine issue of material fact regarding a grossly inadequate sales price. A "grossly inadequate price would have to be so little as 'to shock a correct mind.' " *FDIC v. Blanton,* 918 F.2d 524, 531 (5th Cir.1990) (quoting *Richardson v. Kent,* 47 S.W.2d 420, 425 (Tex. Civ. App.– Dallas 1932, no writ)). In his declaration, Plaintiff claims that he believes the Property, which sold for $238,500, to be worth more than "$350,000.00 based upon [his] opinion of its value as per the comparable houses sold in the same area." Dkt. 17-2. Even if Plaintiff were qualified to opine as to market values and even if this evidence were sufficient to create a fact issue, the Court finds that it fails to support a grossly inadequate sales price. The Fifth Circuit has recently noted that "Texas cases establish that a foreclosure price exceeding 50% is not grossly inadequate." *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 1 (5th Cir. 2013) (citing *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.– Amarillo 2007) and *Richardson v. Kent,* 47 S.W.2d 420, 425 (Tex. Civ. App.–

Dallas 1932)) (finding that sale price which was about 52% of proffered value was not grossly inadequate); *see also Martins*, __ F.3d. __, 2013 WL 3213633, (finding no fact issue as to grossly inadequate price when sales price was 92% of the most recent appraisal value). Therefore, because Plaintiff cannot sustain his burden as to several elements of his claim, summary judgment should be granted for Defendant as to Plaintiff's wrongful foreclosure claim.

### *Texas Property Code 51.004*

In its motion, Defendant argues that Section 51.004 is inapplicable after a non-judicial foreclosure sale. In his response, Plaintiff indicates that he no longer wishes to pursue this cause of action. *See* Dkt. 17 at 5. Therefore, the motion should granted as to that claim and Plaintiff should take nothing by his suit to determine fair market value of the Property pursuant to Texas Property Code 51.004.

## RECOMMENDATION

Because Plaintiff has failed to create a fact issue as to any of his claims, the Court finds that Defendant Wells Fargo's Motion for Summary Judgment (Dkt. 9) should be GRANTED for Defendant in its entirety and Plaintiff should take nothing by any of his claims here.

*Further, the deadlines set forth in the Court's November 1, 2012 Scheduling Order (Dkt. 8) are hereby ABATED pending the District Judge's consideration of this report and recommendations. Should summary judgment not be granted for Defendant, the parties are directed to file an amended proposed scheduling order within ten (10) days of the District Judge's disposition of the motion for summary judgment.*

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 17th day of July, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE